IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:04cv905-WHA |
| | ) | [WO] |
| DEAN CONSTRUCTION COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is before the court on Plaintiff's Renewed Motion for Judgment as a Matter of Law After Trial or in the Alternative Motion for a New Trial (Doc. #105), filed on May 8, 2006.

The case was tried to a jury on two claims, negligence and breach of warranty. The jury returned a verdict on April 27, 2006, finding that the Defendants were not negligent in this case, but finding that the Defendants breached express warranties in installing the roof and that such breach proximately caused the Plaintiff's damages. The verdict then awarded damages. After the jury was discharged, Plaintiff's counsel stated on the record that they intended to move for a judgment notwithstanding the verdict on the negligence claim. This motion was filed thereafter.

## MOTION FOR JUDGMENT AS A MATTER OF LAW AFTER TRIAL

Plaintiff files this motion pursuant to Rule 50(b), *Fed.R.Civ.P.* In the motion, the Plaintiff alleges that it "moved for judgment as a matter of law on the negligence count at the close of the record." While the words "at the close of the record" are somewhat equivocal, it is without question that the Plaintiff did not move for judgment as a matter of law on its negligence

claim at any time before submission of the case to the jury, as required by Rule 50(a)(2), or even before the verdict was returned and the jury was discharged. Plaintiff timely moved for judgment as a matter of law on the Defendants' contributory negligence defense, which the court granted, but not on its own claim based on negligence. Therefore, there was no motion to renew pursuant to Rule 50(b). Even if such a motion had been filed by the Plaintiff before submission of the case to the jury, it would have been denied, as clearly there was a factual dispute to be resolved by the jury. For these reasons, the "Renewed" Motion for Judgment as a Matter of Law is due to be denied.

## **MOTION FOR A NEW TRIAL**

This is brought as an alternative motion under Rule 50(b). Since a Rule 50(b) motion is inappropriate, however, it would appear that the motion could be denied on that ground. Since, however, the Plaintiff's motion is based on its contention that the jury returned an inconsistent verdict, the court will consider whether this motion would have merit under Rule 59, *Fed.R.Civ.P.* The court has determined that it would not.

In the first place, the court is not persuaded that the verdict is inconsistent. Certainly, the possibility of such a verdict was not considered to be inconsistent when the Plaintiff filed a proposed Jury Verdict Form (Doc. #63) prior to trial. That requested form read as follows:

### **JURY VERDICT FORM**

1. Do you find that the defendant was negligent in any respect and that such negligence was a proximate cause of Plaintiff's damages?

                                              YES_____
                                              NO _____

      2. Do you find that the defendant negligently installed the roof, allowing rainwater to leak into the building during and after the roofing project and that such negligence was a proximate cause of Plaintiff's damages?

                                        YES _____
                                        NO _____

      3. Do you find that the defendant breached any express warranties in installing the roof and that such breach was a proximate cause of the Plaintiff's damages?

                                          YES _____
                                        NO  _____

      IF YOU ANSWERED "YES" TO ANY OF THE ABOVE QUESTIONS, THEN CONTINUE TO QUESTION 4, OTHERWISE, YOU ARE FINISHED AND MUST SKIP QUESTION 4 AND SIGN THIS VERDICT FORM.

      4. What amount of damages do you award Plaintiff?

                                        $ _____

Thus, the verdict form requested by the Plaintiff itself would have advised the jury to enter an amount of damages to be awarded the Plaintiff if the answer was yes to "any" of the questions on liability.

    The court followed the approach requested by the Plaintiff with the form submitted to the jury, and the jury returned that form with the following verdict (Doc. #102):

### JURY VERDICT

      1. Do you find that the Defendants were negligent in this case and that such negligence proximately caused the Plaintiff's damages?
    _____     Yes                      X      No

      2. Do you find that the Defendants breached any express warranties in installing the roof and that such breach proximately caused the Plaintiff's damages?
     X       Yes                    _____     No

> IF YOU ANSWERED "YES" TO EITHER OF THE ABOVE
> QUESTIONS, THEN CONTINUE TO QUESTION 3.
> OTHERWISE, YOUR WORK IS COMPLETED AND YOU
> MUST SKIP QUESTION 3 AND SIGN THIS VERDICT FORM.
>
> 3. What amount of damages do you award the Plaintiff?   $90,000.00
>
> This 27th day of April, 2006.
>
>                  /s/ Nicole Robinson
>                  Foreperson

In its instructions to the jury, the court advised the jury: "On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of either or both of the Plaintiff's claims, your verdict should be for the Plaintiff as to that on those claims. In this event, it will be necessary for you to arrive at an amount to be awarded in the verdict form which I will read to you and describe later in my charge." In explaining the verdict form to the jury, after explaining questions 1 and 2, the court said: "Now, the form says if you answered yes to either of the above questions, then continue to question 3, which has to do with damages. Then it says, 'Otherwise, your work is completed and you must skip question 3 and sign this verdict form.' So if you answered yes to either 1 or 2, you go to 3. If you answered no to both questions 1 and 2, then you skip question 3."

The parties were given an opportunity to make objections outside the presence of the jury after the charge was given and before the jury retired to deliberate. The Plaintiff had no objection to either the charge or the verdict form. Indeed, this apparently conformed to the way the Plaintiff viewed the case before a verdict was returned.

The suggestion that the verdict which was returned was inconsistent is itself inconsistent with the position taken by the Plaintiff at trial. If this possibility had been raised prior to trial, or

even during the trial, the issue could have been resolved then.  For these reasons, the court is not persuaded by the Plaintiff now that the verdict was inconsistent.

In addition, the court finds that, even if the verdict could be said to be inconsistent, this was waived by the Plaintiff's actions.  The Plaintiff should not be allowed to request the very form of verdict which was used, wait for the jury to return a verdict, allow the jury to be discharged, and then contend for the first time that the verdict was inconsistent.  This would amount to a party inviting error, speculating on the jury verdict, and then asking for a new trial after the jury had been discharged and it became too late to do anything about it.

Even in cases where an alleged inconsistency did not result from the use of a verdict form actually requested by the party moving for a new trial, the Eleventh Circuit has held that a party waives an objection to an inconsistency in a general verdict by failing to object before the jury is discharged.  *Mason v. Ford Motor Co., Inc.*, 307 F.3d 1271 (11th Cir. 2002).  This court views the verdict rendered in this case as best categorized by a general verdict, since it was presented to the jury as finding for one party or the other on the two theories of liability and then asking the jury to determine the amount to be awarded to the Plaintiff in the event liability was found on either claim.

Even if the verdict could be considered as a special verdict under Rule 49(a), or a general verdict with special interrogatories under Rule 49(b), and even if the Plaintiff had not invited a form of verdict which it now contends to be inconsistent, the Eleventh Circuit has held that all challenges to the consistency of special verdicts must be raised before the jury is excused, or the right to challenge the inconsistency is waived.  *See,* e.g., Golub *v. J. W. Gant & Asso.*, 863 F.2d 1516, 1520, n.4 (11th Cir. 1989) and *Coralluzzo v. Education Mgmt. Corp.*, 86 F.3d 185 (11th

Cir. 1996). In *Coralluzzo*, the court quoted with approval statements from other circuits as to the reason for this rule: "The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury. *Lockard v. Missouri Pac.R.R.Co.*, 894 F.2d 299, 304 (8th Cir. 1990)." "To allow a new trial after the objecting party failed to seek a proper remedy at the only time possible [i.e., before the jury is discharged] would undermine the incentives for efficient trial procedure and would allow possible misuse of Rule 49 procedures . . . by parties anxious to implant a ground for appeal should the jury's opinion prove distasteful to them. *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir. 1981)."[1]

## **CONCLUSION**

Since the Plaintiff did not move for judgment as a matter of law on the negligence claim before the case was submitted to the jury, Plaintiff's Renewed Motion for Judgment as a Matter of Law is due to be denied, and for the same reason, the alternative Motion for a New Trial under Rule 50(b), *Fed.R.Civ.P.*, is due to be denied. Because the jury verdict has not been demonstrated by the Plaintiff to be inconsistent and, because the Plaintiff has waived any objection it might have based on inconsistency, the alternative Motion for a New Trial is due to be denied even if considered under Rule 59, *Fed.R.Civ.P.*

---

[1] The Eleventh Circuit noted in *Mason*, 307 F.3d at 1274, n. 4, however, that it might be bound by a pre-1981 Fifth Circuit case to the contrary, but left to another day consideration of these seemingly inconsistent special verdict precedents.

**<u>ORDER</u>**

For the reasons stated above, it is hereby

ORDERED that Plaintiff's Renewed Motion for Judgment as a Matter of Law After Trial or in the Alternative Motion for a New Trial are DENIED.

DONE this 30th day of May, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE