IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE FEDERAL INSURANCE COMPANY, as Subrogee of the Colonial Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:04-cv-905-WHA (WO) |
| DEAN CONSTRUCTION COMPANY and KEN DEAN and JEFF DEAN, a partnership, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

In this subrogation case, the subrogee, Plaintiff Federal Insurance Company ("Federal"), sued Defendant, Dean Construction Company ("Dean") for damages sustained by subrogor, the Colonial Bank ("the bank"). In November 2002, Dean agreed to place a new roof on the bank. As part of the process for attaching a new roof, Dean punched several holes in the building. At some point during the process, the holes were left uncovered, rainwater was allowed to flow into the building, and the bank suffered water and mold damage. The bank submitted a first party property claim to Federal, and after adjustment of the claim, extensive remediation of the bank's interior was completed. Federal paid the costs of the remediation to its subrogor, the bank, and then sought reimbursement from Dean, who Federal alleged was responsible for the damage.

The case was sent to a jury on two claims: (1) negligence and (2) breach of express warranty. The jury found in favor of Dean on the negligence claim, but rendered a verdict in the amount of $90,000.00 in favor of Federal on the breach of express warranty claim. Before the case went to the jury, the parties agreed that Federal's claim for pre-judgment interest would not be submitted to the jury and that, in the event of a Plaintiff's verdict, the court would determine the issue of entitlement to such interest. Once the verdict was returned both sides were given the opportunity to file briefs, which the court has considered. For the reasons discussed below, the court finds that Federal is not entitled to pre-judgment interest on the damages awarded by the jury.

## II. DISCUSSION

### A. Pre-Judgment Interest

In Alabama, pre-judgment interest on damages stemming from a breach of contract[1] are governed by section 8-8-8 of the Code of Alabama of 1975 which states:

> All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed.

Ala. Code § 8-8-8 (2002). The Alabama Supreme Court has interpreted section 8-8-8 to mean that "in contract cases, where an amount is certain or can be made certain as to damages at the time of breach, the amount may be increased by the addition of legal interest from that time until

---

[1] The jury determined that Dean breached an express warranty on the work performed on the bank's roof. In Alabama, express warranties are treated like any other type of contract and interpreted according to general contract principles. Copenhagen Reinsurance Co. v. Champion Home Builders, 872 So. 2d 848, 855 (Ala. 2003); Ex parte Miller, 693 So. 2d 1372, 1376 (Ala. 1997).

recovery." Miller and Co., Inc. v. McCown, 531 So.2d 888, 889 (Ala. 1988) (citing Charles W. Gamble, Alabama Law of Damages, § 8-3 (2d ed. 1988)).

In this case, the damages were not certain until the jury determined them. In a similar case, the Alabama Supreme Court held that pre-judgment interest was not appropriate on a general jury verdict in favor of a real estate broker who sought a commission on a real estate sale. Kennedy v. Polar-Bek & Baker Wildwood Partnership, 682 So. 2d 443 (Ala. 1996). In Kennedy, the Plaintiff asked for damages for breach of an express contract to pay a 5% commission, or in the alternative, damages for breach of an implied in fact contract. The general verdict form did not indicate which option the jury chose, so it could have been either. For purposes of pre-judgment interest, the court assumed that the jury had found that an implied contract existed, which meant that damages were the "reasonable value of such services rendered." See Hendrix, Mohr & Yardley, Inc. V. City of Daphne, 359 So. 2d 792, 795 (Ala. 1978) (describing the ramifications of an implied in fact contract in Alabama). The court reasoned that there could be no sum certain, as required by § 8-8-8, when the sum itself does not present itself until after the jury deliberates. See Kennedy, 682 So. 2d at 448; see also Health Care Authority of City of Huntsville v. Madison County, 601 So.2d 459 (Ala.1992) (denying pre-judgment interest where the sum in question did not become certain until the trial court's final judgment).

The instant case is no different. The warranty in this case did not include a liquidated damages clause, so there was no way of knowing a sum certain until the jury decided one. Indeed, the actual sum turned out to be far less than the total asked for by Federal. Federal asked the jury for $361, 878.25 in damages, but the jury awarded only $90,000.00.

For the reasons discussed, Federal is not entitled to pre-judgment interest on the damages awarded by the jury.

**B.  Post Judgment Interest**

In accordance with section 8-8-10 of the Code of Alabama of 1975, Federal is entitled to receive post judgment interest on the money damages awarded by the jury.  The current statutory rate of 12% per annum should be applied to the damages award from the date the judgment is entered in this case.  Ala. Code § 8-8-10 (2002); <u>Burlington Northern R. Co. v. Whitt</u>, 611 So.2d 219 (Ala.1992).

### III. ORDER

For the reasons discussed above, it is hereby ORDERED as follows:

1.  Federal's request that pre-judgment interest be added to the jury's award of money damages is DENIED.

2.  Post judgment interest is appropriate and shall begin to accrue upon the date judgment is entered in this case.

Done this 30th day of May, 2006.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE