**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| THE FEDERAL INSURANCE COMPANY, as Subrogee of the Colonial Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:04-CV-905-WHA (WO) |
| DEAN CONSTRUCTION COMPANY and KEN DEAN and JEFF DEAN, a partnership, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Subrogee Plaintiff, the Federal Insurance Company ("Federal"), sued Defendant, Dean

Construction Company ("Dean") for damages sustained by subrogor, the Colonial Bank.  A jury

trial was held; and the jury returned a verdict in favor of Federal, awarding $90,000.00 in

damages. Federal, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, has

filed a Motion to Tax Costs (Doc #117).  Federal seeks a total of $6,866.80 in costs.  Of that total,

$2,484.93 are classified as costs for "copy service, court reporter and process server charges."

The remaining $4,381.87 are described as "travel related expenses."  The travel expenses include

air travel, lodging, meals, car rental expenses, and parking fees.  These expenses were incurred

over the course of three trips taken by Plaintiff's counsel, who happens to be based out of

Charlotte, North Carolina.  Federal's lawyer first traveled from North Carolina to Illinois in order

1

to depose Defendant Ken Dean, who lives in Illinois.  The same attorney also made two trips from North Carolina to Alabama, to depose Dean's expert witness, Brian Benson, whose office is in Alabama.

Dean has filed a motion objecting to Federal's request to recover the $4,381.87 listed as "travel related expenses."  Dean argues that such expenses are not authorized under Fed. R. Civ. P. 54(d) or 28 U.S.C. § 1920 and asks the court to deny Federal's Motion to Tax Costs, to the extent that it seeks to recover "travel related expenses."  Dean has no objection to Federal's non travel related costs totaling $2,484.93.  For the reasons to be discussed, the court sustains Dean's objection to Federal's request to tax "travel related expenses."

## II. <u>DISCUSSION</u>

Under Rule 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).  The language of Rule 54(d)(1) creates a strong presumption in favor of awarding costs.  <u>Manor Healthcare Corp. v. Lomelo</u>, 929 F.2d 633, 639 (11th Cir. 1991); <u>Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.</u>, 249 F.3d 1293, 1296 (11th Cir. 2001).  Rule 54(d)(1), however, does not bestow on a court limitless discretion to "tax costs to reimburse the litigant for every expense he has seen fit to incur in the conduct of his case." <u>Farmer v. Arabian Am. Oil Co.</u>, 379 U.S. 227, 235 (1964).  The court's ability to tax costs is limited to costs explicitly authorized by statute.  <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987).

Title 28 § 1920 provides a list of costs that a federal court may tax under the discretionary authority found in Rule 54(d).  Pursuant to § 1920, appropriate costs that may be taxed to an opposing party include: 1) Fees of the clerk and marshal; 2) Fees of the court reporter for all or

any part of the stenographic transcript necessarily obtained for use in the case; 3) Fees and disbursements for printing and witnesses; 4) Fees for exemplification and copies of papers necessarily obtained for use in the case; 5) Docket fees under § 1923; and 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828. 28 U.S.C. § 1920.

In <u>Crawford Fitting</u>, the United States Supreme Court discussed the discretion afforded courts under Rule 54(d)(1) when applying § 1920.  The Court held that Rule 54(d)(1) gives district courts the discretion to decline to tax allowable costs, but not the discretion to tax costs in the absence of statutory authorization.  <u>Crawford Fitting</u>, 482 U.S. at 441.  In reaching that conclusion the Court reasoned, "[i]f Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d)." <u>Id.</u>  However, it is important to note that the holding in Crawford, does not prevent courts "from interpreting the meaning of the phrases used in § 1920."  <u>SK Hand Tool Corp. v. Dresser Industries, Inc.</u>,  852 F.2d 936, 944 (7th Cir. 1988) (holding that <u>Crawford Fitting</u> does not preclude interpretation of § 1920 to include depositions even though § 1920 does not expressly mention depositions) ;  <u>West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs.</u>, 834 F.2d 1232, 1238 (5th Cir.1988); <u>Eagle Ins. Co. v. Johnson</u>,  982 F. Supp. 1456, 1458 (M.D. Ala.,1997) (Thompson, J.).

Regarding the instant case, the court finds that because § 1920 does not provide that attorney's travel expenses are reimbursable, Federal's request to tax those expenses as a cost against Dean is denied. <u>Calderon v. Witvoet</u>, 112 F.3d 275, 276 (7th Cir. 1997) (travel "expenses

are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs."); Coats v. Penrod Drilling Corp., 5 F.3d 877, 890 (5th Cir. 1993) ("travel expenses...are not included in § 1920 and therefore are not recoverable."); Miller v. Kenworth of Dothan, Inc.,  117 F.Supp.2d 1247, 1265 (M.D. Ala. 2000) (DeMent, J.) (not allowing milage and travel expenses to be taxed as costs  because attorney's travel expenses not listed in § 1920).  Additionally, the court can find no authority to support an argument that would interpret the provisions of § 1920 to somehow include an attorney's travel expenses.

### III.  CONCLUSION

For the reasons discussed above the court SUSTAINS Dean's objection to Federal's request to tax attorney's travel fees against Dean as a cost pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.  Plaintiff's Motion to Tax Costs is GRANTED, only to the extent that costs are hereby taxed against the Defendants in the amount of $2,484.93.

Done this 2nd day of August, 2006.

/s/ W. Harold Albritton                                   0
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE